# CHARLESTON.

STATE *ex rel* R. H. CARTER v. BOARD OF BALLOT COMMISSIONERS.
STATE *ex rel,* K. A. ATKINSON v. BOARD OF BALLOT COMMISSIONERS.

Submitted May 10, 1920.    Decided May 11, 1920.

SCHOOLS AND· SCHOOL DISTRICTS—*Application of Primary Candidates for Nomination to Vacancies in Office of School Commissioner Should Have Been Allowed to Indicate Terms for Which They Are Running.*

Where there are two vacancies to be filled in the office of school commissioner, one for a long or regular term, and the

86 W. Va.

other for the unexpired term of a member who has resigned, and, in a primary election to be held for the purpose of nominating candidates for such office, a number of persons file their declarations to become candidates therefor, some of whom designate their desire to be candidates for the full term, and others of whom make no other designation than that they desire to become candidates for member of the board of education, upon application of any of the latter class to amend their declarations so as to indicate for which term they desire to run, the board of ballot commissioners should permit such amendment and make up the official ballot in accordance therewith.

(LYNCH, JUDGE, absent).

Original mandamus by the State, on relation of R. H. Carter, against John Nuttall and others, as the Board of Ballot Commissioners, consolidated with mandamus by the State, on the relation of K. A. Atkinson, against John Nuttall and others, as the Board of Ballot Commissioners.

*Peremptory writs of mandamus awarded.*

*Dillon & Nuckolls,* for relators.
*Osenton & Lee,* for respondents.

RITZ, JUDGE:

In the district of Fayetteville, in the county of Fayette, there are to be elected at the election to be held in November next two members of the school board, one of said members so to be elected being for the regular term of four years, and the other to fill the unexpired term of a member who resigned. The relator R. H. Carter filed with the clerk of the circuit court a declaration of his intention to become a candidate for member of the board of education of said district on the Democratic ticket; likewise the relator K. A. Atkinson filed his declaration to become a candidate for member of said board on the Republican ticket. Neither of these applications designated whether the relators desired to be candidates for the regular term or for the unexpired term. There was filed an application from a Democrat and one from a Republican in which the applicants designated that they desired to become candidates for the long term, and several applications were filed in a form similar to the applications of the relators. In making up the ballot the board of ballot com-

missioners placed thereon under the head, "for member of board of education, long term," the names of the parties who had filed applications, in which was expressed their desire to be candidates for the long term on the Republican and Democratic tickets respectively, and indicated to the voters to vote for one. This placed under that head only one candidate on each of the party tickets. Under another head of, "for member of the board of education," were placed the names of all of the other parties who had filed their declarations of candidacy without designating whether they desired to run for the long or for the short term, and the voters were directed to vote for one.

It appears that when these declarations were examined the board of ballot commissioners had some question as to what disposition to make of the ones in which no designation was made as to the particular term for which the applicants desired to be candidates, and it was understood among them that they would call up the parties filing the applications and ascertain from them their desire, and make up the ticket accordingly. Acting upon this the relator in each of these cases was called by the chairman of the board of ballot commissioners, and they each informed him that they desired to become candidates for the lond or regular term, and were left under the impression that they were so to be placed upon the ballot. It developed, however, that subsequently two of the ballot commissioners determined that this could not be done, and made up the ballot in the manner above indicated. Application was then made for this writ to compel the ballot commissioners to print the names of the relators as candidates for the regular or long term as it is designated on the ballot.

After the relators found that the ballot had been made up in the manner we have above pointed out they requested the board of ballot commissioners to permit them to amend their applications by indicating thereon for which of the terms they desired to become candidates, if this should be thought necessary, but the ballot commissioners declined to allow them to do so. It is argued that after the declarations were filed by the relators of their intention to become candidates, no change of any kind or character could be made therein. We cannot agree with this conclusion. In the making up of the ballot the board of ballot

commissioners should be controlled by reasonable rules. It may be entirely true, and perhaps is, that no substantial change could be made in a candidate's declaration, that is, he could not be permitted to change from one office to another, but where as in this case there are two offices to be filled of the same character, and there is simply a failure to designate which of the two terms the candidate desires to run for, not only have the ballot commissioners the power to permit the candidates to add this to their declarations, but it is their duty in makng up the ballot to ascertain what the purpose of the candidates were, and when so ascertained to carry out that purpose in making the official ballot. This avoids confusion, which is bound to result if the names are placed upon the ballot in the manner that has been done in this case, and avoids, on the other hand, denial of a party's right to run for the office by a holding that their names must be omitted from the ballot because the applications made by them were too indefinite.

Our conclusion is that the board of ballot commissioners should have permitted these relators to make the amendments desired by them in the declarations of their respective candidacies, and then to have made up the ballot accordingly. The writs prayed for will, therefore, issue.

*Peremptory writs of mandamus awarded.*